# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Michael Hill<br>1247 N. Waller<br>Chicago, IL 60651<br><br>And<br><br>Danielle Hill<br>1247 N. Waller<br>Chicago, IL 60651<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Sentry Credit, Inc.<br>c/o CT Corporation System<br>208 S. LaSalle St., Suite 814<br>Chicago, IL 60604<br><br>　　　　Defendant. | Case No.:　FILED: JANUARY 19, 2009<br>　　　　　　09cv328<br>Judge:　　JUDGE GOTTSCHALL<br>　　　　　MAGISTRATE JUDGE ASHMAN<br>　　　　　TG<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a).  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff Michael Hill ("Michael") is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff Danielle Hill ("Danielle") is a "consumer" as defined by 15 U.S.C. §1692a(3).

4. Plaintiffs incurred a "debt" as defined by 15 U.S.C. §1692a(5).

5. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

1

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

7. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

8. On or around December 16, 2008, Defendant telephoned Plaintiffs' residence.

9. During this communication, Defendant spoke to Danielle.

10. During this communication, Defendant threatened to sue Michael and garnish Michael's wages if Plaintiffs did not pay the debt immediately.

11. On or around December 16, 2008, Defendant telephoned Michael's school counselor ("Sylvia").

12. At the time of this communication, Defendant already had Plaintiffs' location information.

13. During this communication, Defendant spoke to Sylvia in a harassing, oppressive, and abusive manner.

14. During this communication, Defendant disclosed to Sylvia that Plaintiffs' owed the debt.

15. On or around December 18, 2008, Defendant telephoned Plaintiffs' residence and spoke to Danielle.

16. During this communication, Defendant falsely represented that a claim had been filed against Danielle in court.

17. During this communication, Defendant falsely represented that this was Plaintiffs' last chance to make a payment.

18. At the time of these communications, Defendant had neither the intent nor ability to sue Plaintiff or garnish Plaintiff's wages.

19. Defendant damaged Plaintiffs emotionally and mentally and caused Plaintiffs substantial anxiety and stress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiffs owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692d in that Defendant used obscene and/or abusive language during its communications in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

27. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiffs.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

31. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT SEVEN

### Invasion of Privacy by Public Disclosure of Private Facts

33. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

34. Defendant disclosed information about Plaintiffs' private life to Sylvia.

35. Sylvia has a special relationship with Michael.

36. Defendant's disclosure to Sylvia is highly offensive to a reasonable person.

37. The matter disclosed is not of legitimate concern to the public.

## JURY DEMAND

38. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

39. Plaintiffs pray for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com
    Attorneys for Plaintiff